IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CYRUS ANDREW SULLIVAN, | Case No. 3:18-cv-00110-JGZ |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Pending before the Court is Defendant United States of America's motion to dismiss claims brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of* Narcotics, 403 U.S. at 389, 397 (1971), for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. 18.) Plaintiff Sullivan did not file a response.[1] The Court will grant Defendant's motion as it pertains to *Bivens* claims against Defendant United States of America.

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss a claim for lack of subject matter jurisdiction. The plaintiff has the burden of establishing jurisdiction when subject matter jurisdiction is challenged under Fed. R. Civ. P. 12(b)(1). *Id.*

---

[1] Although Plaintiff is currently incarcerated in a federal correctional institution, the mailing address he provided to the Court is a post office box. Plaintiff explained in a separate civil action that he maintains his post office box as his mailing address to bypass the inconvenience of updating his address if he is transferred to a new institution. (CV-16-01743-JGZ, Doc. 39, p. 5.) He further stated that this may delay his receipt of court filings and orders by more than a week. (*Id.*) Plaintiff is advised that regardless of how he chooses to receive filings in this case, he is required to comply with the filing deadlines set by the Federal Rules of Civil Procedure, the local rules of civil procedure, and this Court. Any delay caused by Plaintiff's inability to promptly access his post office box will not provide an excuse for delayed filings.

A federal court lacks subject matter jurisdiction over a claim brought against the United States unless the United States has waived sovereign immunity and consented to be sued. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (sovereign immunity is jurisdictional in nature); *Balser v. Dep't of Justice*, 327 F.3d 903, 907 (9th Cir. 2003) ("A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim."). The United States has not waived sovereign immunity with respect to *Bivens* claims. *Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir. 1995).

It is not clear from the complaint whether Plaintiff intended to assert *Bivens* claims against the United States. (*See* Doc. 2.) Although Plaintiff refers to the Eighth Amendment, the use of excessive force, and clearly established federal law throughout his complaint, he refers to *Bivens* only twice. First, Plaintiff anticipates "the government might argue that this case would be better suited for an individual capacity suit under" *Bivens*. (Doc. 2, p. 16.) Second, Plaintiff states that he "reserve[s] the right to seek a jury trial for punitive damages from my individual abusers under *Bivens* at a later date." (Doc. 2, p. 16.) Insofar as Plaintiff's Complaint can be construed as asserting *Bivens* claims against the United States, the Court lacks subject matter jurisdiction over such claims.

THEREFORE IT IS ORDERED that Defendant's motion is GRANTED. (Doc. 18.)

IT IS FURTHER ORDERED that Plaintiff's *Bivens* claims against the United States of America are DISMISSED.

//

//

//

IT IS FURTHER ORDERED that Defendant United States of America shall timely file a responsive pleading to the Complaint.

Dated this 11th day of July, 2018.

_____
Honorable Jennifer G. Zipps
United States District Judge